UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :     NO. 3:19-cr-118 (OAW) |
| | : |
| ARASH VAKHSHOURI | : |
| | : |

### ORDER DENYING EARLY TERMINATION OF PROBATION

**This action** is before the court upon Defendant Arash Vakhshouri's Motion for Early Termination of Probation ("Termination Motion"), ECF No. 124, and his Motion for Return of Passports ("Passports Motion," and together with the Termination Motion, "Motions"), ECF No. 135.[1] The court has reviewed the Motions; the government's opposition to the Termination Motion, ECF No. 129; Defendant's reply in support of the Termination Motion, ECF No. 132; and the record in this case.[2] The court is fully advised in the premises. For the reasons discussed herein, the Termination Motion is **DENIED,** and the Passports Motion is **GRANTED.**

Defendant was indicted in May 2019 for some concerning behavior he had displayed in connection with proceedings before United States Citizenship and Immigration Services ("USCIS"). ECF No. 1. Specifically, he mailed several letters to USCIS in which he posed as his ex-wife's parents and requested withdrawal of their

---

[1] This is Defendant's second such motion, the first one having been denied by the Honorable United States District Judge Janet B. Arterton approximately seven months before the instant Motion was filed. *See* ECF Nos. 120 and 123.

[2] The parties also filed motions to seal each brief at ECF Nos. 125, 130, and 133. The court finds good cause to seal unredacted versions of the briefs because they each contain the defendant's personal medical information. Accordingly, the motions to seal are granted, and the documents filed at ECF Nos. 126, 131, and 134 shall remain under seal until further order of the court. The sealed version of the Motion, which is docketed at ECF No. 126, hereby is denied as moot.

1

applications for legal permanent residence.³ *Id.* Two years later, in June 2021, Defendant pleaded guilty to one count of submitting a false document to a government agency, in violation of § 1001(a)(3) of Title 18 of the United States Code.  ECF No. 81.  Defendant was sentenced to three years of probation.  ECF No. 117.  His term currently is scheduled to expire in March 2025, but he moves the court to terminate his probationary sentence early.

Section 3564 of Title 18 of the United States Code authorizes a court to terminate a term of probation after one year (in the case of a felony) if, after considering the sentencing factors set forth in § 3553(a) and the Federal Rules of Criminal Procedure, it is "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

In the Termination Motion, Defendant asserts that early termination is warranted, citing his complete compliance with the conditions of his probation thus far, his commitment to higher learning, and his desire to travel more frequently, both to visit his son in California and to attend professional conferences.⁴  The government and the victims of Defendant's crime oppose the motion, arguing that mere compliance with conditions of probation does not merit early termination.

The court agrees with the government.  Though Defendant's apparent commitment to his rehabilitation is commendable, "[i]t is well-established that mere compliance with the terms of probation and the law is insufficient to justify termination." *United States v.*

---

³ The government notes that Defendant's ex-in-laws are religious minorities in their native Iran, and emphatically did not want to return there.
⁴ Of note, Defendant currently resides in and is supervised by the District of Nevada.

*Noel*, No. 18-CR-60 (PKC), 2021 WL 4033769, at *1 (E.D.N.Y. Sept. 3, 2021); *see also United States v. Haley*, 500 F. Supp. 3d 6, 7 (W.D.N.Y. 2020) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."). And while the court grants that the defendant's described lifestyle is certainly prosocial, it still is not so extraordinary as to merit early termination of his duly-imposed criminal sentence.

Defendant points to his enrollment in a doctoral program at Grand Canyon University as indication of his special circumstances. The court agrees that pursuit of education certainly is admirable, but it does not here indicate any special degree of rehabilitation, given that the crime of conviction was committed while the defendant was enrolled in an advanced degree program. He also points to his work as a tutor and his professed personal development. Again, though, while these endeavors are laudable, they also are what one generally expects and hopes to see from a probationer. It is not clear to the court that these improvements indicate that probation has served its purpose and has no further utility; it appears equally plausible that probation yet is serving its purpose and Defendant still is benefitting from supervision.

Further, the court is not convinced that early termination is in the interest of justice. While Defendant's criminal conduct may have been influenced by certain chronic health issues, it also was very serious and very calculated. Defendant sent several letters to USCIS over the course of several months, and even spoke with USCIS about the letters over the phone in furtherance of his deception. Indeed, USCIS believed the letters were genuine such that they cancelled interviews with Defendant's ex-in-laws, who incurred substantial costs to remedy the situation (which costs were repaid by Defendant by way

3

of restitution). Such conduct exposed these individuals to the prospect of deportation and religious persecution, which Defendant knew all too well, having been a victim of such persecution himself. In fact, Defendant described his own trials as a religious minority in his sentencing memorandum and argued that their lasting effects indirectly led to his criminal conduct. The malice Defendant exhibited in response to familial dissatisfaction is at least concerning and perhaps even cruel. Thus, the court is not convinced that it is in the interest of justice to shorten the sentence imposed for such conduct.

With respect to the Passports Motion, Defendant informs the court that his father, who lived in Iran, recently passed away, and Defendant would like to travel to Iran to condole with his family and tend to his father's estate. His United States and Iran passports were surrendered in connection with his probation, however, and so he requests their return. Neither the government nor the United States Probation Office opposes this request, and so the court will grant it. However, the court reminds Mr. Vakhshouri that he still must keep his probation officer apprised of his travel plans, and that he still remains under supervision.

Accordingly, it hereby is **ORDERED AND ADJUDGED** as follows:

1. The Termination Motion is **DENIED.**
2. The Passports Motion is **GRANTED.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 8th day of November, 2024.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE